**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CHEYENNE RIVER SIOUX TRIBE, et. al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil No. 03-600 L** |
| **THE UNITED STATES,** | ) | **Chief Judge Edward J. Damich** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT STATUS REPORT**

Plaintiffs, Cheyenne River Sioux Tribe, et. al., and Defendant, United States, by and through their respective undersigned counsel of record, file this Joint Status Report and state as follows:

1. This case is a consolidation of over 150 plaintiffs and involves more than 10,000 acres of primarily agricultural land. The land at issue is located entirely within an Indian Reservation and is owned in trust by the United States for the benefit of the Cheyenne River Sioux Tribe and certain individual Tribal members. Exhibit A attached to the Joint Status Report filed on February 23, 2005, more clearly depicts the area at issue in this case.

2. During the last teleconference with the Court on June 3, 2005, the parties agreed to follow a case development schedule, which the parties had proposed in their Joint Status Report filed on May 27, 2005; the Court memorialized that agreement and schedule in an order filed June 6, 2005. The schedule provided a timeframe in which both parties would propose, examine and ultimately select a limited number of representative parcels for discovery and further case development. (Regardless of whether a parcel is ultimately determined to be appropriate for litigation or for settlement, the need for discovery and case development is the same.) Based on the results of the case development process as to the selected representative

parcels, the parties expect they will then be able to determine the most efficient way to resolve the balance of the parcels.

3. Much progress has been made along the stipulated timeframe. However, as both parties acknowledged during the last teleconference, the schedule they proposed was "ambitious" and, as might be expected, not all items scheduled for completion by this date have been done. The parties have completed the task of proposing for inclusion, examining (by the attorneys and experts), and ultimately finalizing the representative parcels. The selection has been finalized to three parcels located at different points along the stretch of river at issue here.

4. After the selection of parcels, a site visit with attorneys and experts was to have been conducted. Because the parcel selection process took longer than anticipated, and because, in larger part, the experts required significant advance scheduling (in order to be able to accommodate the multitude of schedules), the site visit has not yet occurred. Counsel for defendant will be out of the office on annual leave September 7 – 23. Upon her return, a site visit to the property has been scheduled for October 3-4, 2005.

5. Leading up to, and during, the site visit, the parties' experts will be evaluating what additional work needs to be done and a schedule for performing that work. Once that determination is made, the parties will be in a position to establish deadlines for the completion of expert reports as well as written and oral discovery based on those reports.

6. The parties continue to have a cooperative working relationship and are satisfied with the progression of this case, especially given the physical size, complex land ownership,

and remoteness of the subject land.

Dated: August 23, 2005.

Respectfully submitted,

s/ Tracey Fischer by s/ Susan V. Cook

TRACEY FISCHER
13366 Tilford Road
Piedmont, SD
Telephone: 605-347-2193
Facsimile: 605-347-2194
Email: tfischer@rapidnet.com

Counsel for Plaintiffs

s/ Susan V. Cook

SUSAN V. COOK
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0470
Facsimile: 202-353-7763
Email: susan.cook@usdoj.gov

Counsel for Defendant

DOJ306362