**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CHEYENNE RIVER SIOUX TRIBE, et. al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil No. 03-600 L** |
| **THE UNITED STATES,** | ) | **Chief Judge Edward J. Damich** |
| **Defendant.** | ) | |

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, in answer to Plaintiffs' Complaint, hereby admits, denies and avers as follows:

FIRST DEFENSE

Defendant responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

1. In response to the allegations of subparagraph (1)(a) of paragraph 1 of Plaintiffs' Complaint, Defendant admits that the Cheyenne River Sioux Tribe is a federally-recognized Indian tribe. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of subparagraph 1(a).

In response to the allegations of subparagraph (1)(b), Defendant admits that the Cheyenne River Sioux Reservation is located in central South Dakota. The allegations of the second, third and fourth sentences of subparagraph (1)(b) are conclusions of law to which no response is required. In response to the allegations of the fifth sentence of subparagraph (1)(b), Defendant admits that some of the land within the boundaries of the Cheyenne River Sioux

Reservation is held in trust by the United States for the benefit of the Cheyenne River Sioux Tribe.

In response to the allegations of subparagraph (1)(c), Defendant admits that some of the land held in trust by the United States for the benefit of the Cheyenne River Sioux Tribe is located outside the boundaries of the Cheyenne River Sioux Reservation. The remaining allegations of subparagraph (1)(c) are conclusions of law to which no response is required.

(2) In response to the allegations of subparagraph (2) of paragraph 1 of Plaintiffs' Complaint, Defendant admits that the Cheyenne River Housing Authority (CRHA) maintains, constructs and operates low-income housing for the Cheyenne River Sioux Tribe. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of the first and third sentences of this subparagraph. The remaining allegations of the second sentence of this subparagraph are conclusions of law to which no response is required.

(3) Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of subparagraph (3) of paragraph 1 of Plaintiffs' Complaint.

(4) Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of subparagraph (4) of paragraph 1 of Plaintiffs' Complaint.

2. The allegations of paragraph 2 are conclusions of law to which no response is required. In further response, Defendant admits that the Tucker Act, 28 U.S.C. § 1491, and the Indian Tucker Act, 28 U.S.C. § 1505, are the principal statutes conferring jurisdiction on this Court to hear a Fifth Amendment inverse condemnation case such as this.

3. The allegations of paragraph 3 are a characterization of Plaintiffs' Complaint to which

no response is required.

4. The allegations of paragraph 4 are conclusions of law to which no response is required; to the extent matters of fact are alleged, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations.

5. Defendant lacks information to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 5. In response to the allegations of the second sentence, Defendant admits that the U.S. Army Corps of Engineers (Corps) has constructed a series of six main stem dam projects in the upper Missouri River Basin, which included the construction of the Oahe Dam near Pierre, South Dakota, pursuant to the authority of the Flood Control Act of 1944, 58 Stat. 877. In response to the allegations of the third sentence, Defendant admits that as a result of the creation of the Oahe Dam, the flow patterns of the Missouri River were altered. In further response, Defendant admits that the alteration of flow patterns caused a delta to be created, but denies that the delta is impacting any of Plaintiffs' properties. The allegations of the fourth sentence are denied.

6. The allegations of paragraph 6 are denied.

7. The allegations of paragraph 7 are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied. Defendant specifically denies that it has taken Plaintiffs' properties.

8. The allegations of paragraph 8 are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied.

9. The allegations of paragraph 9 are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied.

**[Plaintiff Group #1 - Cheyenne River Sioux Tribe]**

10. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

11. In response to the allegations of the first sentence concerning an ownership interest of Plaintiff Cheyenne River Sioux Tribe, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations. In further response to the allegations of the first sentence, Defendant admits that it has not acquired a flowage easement from this Plaintiff, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the second sentence. The allegations of the third sentence are a characterization of Plaintiff's claim to which no response is required.

12. The allegations of the first sentence of paragraph 12 are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiff's claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claim of Plaintiff Group #1.

**[Plaintiff Group #2 - Cheyenne River Housing Authority]**

13. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

14. In response to the allegations of the first sentence concerning the ownership interest of Plaintiff Cheyenne River Housing Authority, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first sentence, Defendant admits that it has not acquired a flowage easement

from this Plaintiff, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the second sentence. The allegations of the third sentence are a characterization of Plaintiff's claim to which no response is required.

15. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiff's claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claim of Plaintiff Group #2.

**[Plaintiff Group #3 - Terry Ducheneaux, et al.]**

16. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

17. In response to the allegations of the first and second sentences concerning the ownership interests of Plaintiff Group #3, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first and second sentences, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third sentence. The allegations of the fourth sentence are a characterization of Plaintiffs' claim to which no response is required.

18. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically

denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #3.

**[Plaintiff Group #4 - Ernest Ducheneaux]**

19. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

20. In response to the allegations of the first sentence concerning the ownership interest of Plaintiff Ernest Ducheneaux, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first sentence, Defendant admits that it has not acquired a flowage easement from this Plaintiff, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the second sentence.

21. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiff's claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claim of Plaintiff Ernest Ducheneaux.

**[Plaintiff Group #5 - Arlyn Lawrence, Cheyenne River Sioux Tribe]**

22. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

23. In response to the allegations of the first and second sentences concerning the

ownership interests of Plaintiffs Arlyn Lawrence and the Cheyenne River Sioux Tribe, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first and second sentences, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third and fourth sentences.

24. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #5.

**[Plaintiff Group #6 - William Gilbert, et al.]**

25. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

26. In response to the allegations of the first and second sentences concerning the ownership interest of Plaintiff Group #6, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first and second sentences, Defendant admits that it has not acquired a flowage easement from Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third and fourth sentences.

27. The allegations of the first sentence are conclusions of law to which no response is

required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #6.

**[Plaintiff Group #7 - Gregg Mowrer, et al.]**

28. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

29. In response to the allegations of the first and second sentences concerning the ownership interests of Plaintiff Group #7, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first and second sentences, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third and fourth sentences.

30. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #7.

**[Plaintiff Group #8 - Gloria Smith, Sharon Smith]**

31. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

32. In response to the allegations of the first sentence concerning the ownership interests of Plaintiff Group #8, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first sentence, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the second and third sentences.

33. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #8.

**[Plaintiff Group #9 - Clifford Marshall, Jr., et al.]**

34. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

35. In response to the allegations of the first and second sentences concerning the ownership interests of Plaintiff Group #9, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first and second sentences, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third and fourth sentences.

36. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken in interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #9.

**[Plaintiff Group #10 - Robert Smith, <u>et al.</u>]**

37. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

38. In response to the allegations of the first and second sentences concerning the ownership interests of Plaintiff Group #10, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first and second sentences, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third and fourth sentences.

39. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #10.

**[Plaintiff Group #11 - Francis Traversie]**

40. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

41. In response to the allegations of the first sentence concerning the ownership interests of Plaintiff Group #11, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first sentence, Defendant admits that it has not acquired a flowage easement from this Plaintiff, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the second and third sentences.

42. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiff's property. The allegations of the second sentence are a characterization of Plaintiff's claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claim of Plaintiff Group #11.

**[Plaintiff Group #12 - Leslie Logg, et al.]**

43. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

44. In response to the allegations of the first sentence concerning the ownership interests of Plaintiff Group #12, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first sentence, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the

second and third sentences.

45. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiff's property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #12.

**[Plaintiff Group #13 - Clarence Lawrence, et al.]**

46. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

47. In response to the allegations of the first and second sentences concerning the ownership interests of Plaintiff Group #13, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first and second sentences, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third and fourth sentences.

48. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #13.

**[Plaintiff Group #14 - Mary Jane Anderson, et al.]**

49. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

50. In response to the allegations of the first and second sentences concerning the ownership interests of Plaintiff Group #14, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first and second sentences, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third and fourth sentences.

51. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #14.

**[Plaintiff Group #15 - Marty Lawrence, et al.]**

52. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

53. In response to the allegations of the first sentence concerning the ownership interests of Plaintiff Group #15, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first sentence, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient

knowledge or information to form a belief as to the truth or falsity of the allegations of the second and third sentences.

54. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #15.

**[Plaintiff Group #16 - Robert Lawrence, Jr., et al.]**

55. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

56. In response to the allegations of the first sentence concerning the ownership interests of Plaintiff Group #16, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first sentence, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the second and third sentences.

57. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing

the claims of Plaintiff Group #16.

**[Plaintiff Group #17 - Community of White Horse, et al.]**

58. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

59. In response to the allegations of the first sentence concerning the ownership interests of Plaintiff Group #17, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first sentence, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the second and third sentences.

60. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #17.

**[Plaintiff Group #18 - Robert Lawrence, Jr., et al.]**

61. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

62. In response to the allegations of the first and second sentences concerning the ownership interests of Plaintiff Group #18, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first and second sentences, Defendant admits that it has not acquired a flowage easement

from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third and fourth sentences.

63. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #18.

**[Plaintiff Group #19 - Jules Lamb and Marne Lamb]**

64. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

65. In response to the allegations of the first sentence concerning the ownership interests of Plaintiff Group #19, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first sentence, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the second and third sentences.

66. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #19.

**[Plaintiff Group #20 - Delbert Lamb, et al.]**

67. Defendant repeats and incorporates herein its responses to paragraphs 1-9, above.

68. In response to the allegations of the first and second sentences concerning the ownership interests of Plaintiff Group #20, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations. In further response to the allegations of the first and second sentences, Defendant admits that it has not acquired a flowage easement from these Plaintiffs, and specifically denies that a flowage easement has been taken. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the third and fourth sentences.

69. The allegations of the first sentence are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, and Defendant specifically denies that it has taken an interest in Plaintiffs' property. The allegations of the second sentence are a characterization of Plaintiffs' claim to which no response is required.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the claims of Plaintiff Group #20.

All allegations of the Complaint which have not been specifically admitted or otherwise answered are hereby denied.

SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

THIRD DEFENSE

Plaintiffs have failed to join all necessary property owners as required by RCFC 19.

FOURTH DEFENSE

Plaintiffs' claims are barred by the statute of limitations to the extent they are based on events occurring more than six years prior to the filing of the complaint herein.

WHEREFORE, defendant respectfully requests that this Court enter an order:

1. Dismissing the Complaint with prejudice;

2. Assessing the costs of this litigation against Plaintiffs; and

3. Granting such other relief as the Court may deem just and proper.

Dated: January 20, 2006.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

*s/ Susan V. Cook*
SUSAN V. COOK
Senior Attorney
Environment & Natural Resources Division
Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
(202) 305-0470
Fax (202) 305-8273
Email: susan.cook@usdoj.gov

Attorney for Defendant

322521.1

.