**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 03-600-L

| | | |
|---|---|---|
| CHEYENNE RIVER SIOUX TRIBE, et al. Plaintiffs, | ) | Chief Judge Edward J. Damich |
| vs. | ) | |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFFS' OBJECTIONS TO THE DEFENDANT'S PROPOSED EXHIBITS**

Pursuant to the September 11, 2007, Revised Trial Preparation Order, Plaintiffs Cheyenne River Sioux Tribe, et al., (hereinafter "Cheyenne River Sioux Tribe") by and through their counsel of record, hereby file the following Objections to the Defendant's Proposed Exhibits.

As a preliminary matter, with respect to Defendant's October 22, 2007, Preliminary List of Trial Witnesses, the Cheyenne River Sioux Tribe presently has no objection to the individuals contained therein. The Cheyenne River Sioux Tribe hereby reserves the right to object to any defense witnesses that are not delineated therein and that may be offered for trial purposes. In conjunction therewith, the following objections are based upon the Defendant's exhibits as they appear in Defendant's October 22, 2007, Proposed Exhibit List. The Cheyenne River Sioux Tribe also reserves the right to raise objections to any exhibits not contained therein that may be offered for trial purposes.

## I. Defendant's Proposed Exhibit 35.

The Cheyenne River Sioux Tribe seeks an Order precluding the Defendant from introducing the Executive Summary entitled, "Report on Sedimentation/Flooding Claim, Moreau River, SD", by Paul Schwartz dated April 27, 2007, and disclosed in August of 2007. This motion is appropriately granted because the Defendant failed, in contravention of the Federal Rules and the express Order of this Court, to timely disclose this report.

On April 6, 2006, this Court entered an Order requiring that all discovery activities be complete by January 31, 2007. *See* April 6, 2006, Order, attached to the January 23, 2008, Affidavit of Amy Koenig ("Koenig Affidavit") as Exhibit 1. Following a Joint Motion to Amend the Discovery Schedule, this Court entered an Order which extended the time for expert discovery through March 30, 2007. *See* December 1, 2006, Order, attached to the Koenig Affidavit as Exhibit 2. On April 16, 2007, the parties filed a joint status report in which they requested an extension of the expert discovery deadline to accommodate a minimal amount of expert rebuttal work. As a result, this Court entered an Order allowing both parties until June 15, 2007, for rebuttal expert reports. *See* May 1, 2007, Order attached to the Koenig Affidavit as Exhibit 3.

Dr. Paul Schwartz is an expert for the defense. He has provided a three volume report entitled, "Report on Sedimentation/Flooding Claim Moreau River, South Dakota," dated February 9, 2007. This three volume report is reflected on Defendant's October 22, 2007, Proposed Exhibit List. The Cheyenne River Sioux Tribe has not raised an objection regarding this report.

On August 3, 2007, the Cheyenne River Sioux Tribe was provided an "Executive Summary" authored by Dr. Paul Schwartz and dated April 27, 2007. *See* correspondence dated

August 3, 2007, attached to the Koenig Affidavit as Exhibit 4. This was the first time the Cheyenne River Sioux Tribe was notified of the Defendant's intention to include this "Executive Summary" as a part of Dr. Schwartz's original report. Id. A revised version of this "Executive Summary" was provided by the defense on August 16, 2007. *See* correspondence dated August 16, 2007, attached to the Koenig Affidavit as Exhibit 5.

Notably, the Cheyenne River Sioux Tribe did not receive a copy of this "Executive Summary" until well after the expiration of the March 30, 2007, expert discovery deadline. *See* Exhibit 4, attached to the Koenig Affidavit. The "Executive Summary" was also not produced until at least six weeks after the expiration of the June 15, 2007, rebuttal work deadline. Id.

The federal rules of evidence deem expert reports that are not timely disclosed properly excluded. Pursuant to Fed.R.Civ. P. Rule 37, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, or at a hearing, or at trial, unless the failure was substantially justified or is harmless." *See* Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998)(*quoting* Fed.R.Civ.P. 37(c)(1)). Federal Rule 26(e)(1), provides,

> A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, *and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due*.

(*emphasis added*). Additionally, Fed.R.Civ.P. 16, provides the Court the authority to impose sanctions for violations of scheduling order deadlines. Trost, 162 F.3d at 1008. Specifically,

"The rules thus permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified." Id.

In this instance, the Defendant seeks to introduce as trial evidence Dr. Schwartz's three volume report as well as his untimely disclosed "Executive Summary." By Order of this Court, the addition of this "Executive Summary" to Dr. Schwartz's original report should have been disclosed on or before March 30, 2007. *See* Exhibit 2, attached to the Koenig Affidavit As this document was not produced until over five months after the expiration of the pertinent deadline, it is properly excluded under Fed.R.Civ.P. Rules 16 and 37.

In the alternative, the "Executive Summary" is likewise properly excluded under Fed.R.Evid.403. Specifically, Dr. Schwartz's opinions are set forth in his three volume original report. As such, there is no justification for the addition of an untimely disclosed summary document. The receipt and consideration of the "Executive Summary" would result in an unnecessary evaluation of duplicative information. As such, it is properly excluded under Fed.R.Evid.403.

**II. Defendant's Exhibit 67:**

The Cheyenne River Sioux Tribe seeks an Order precluding the Defendant from introducing the portion of Defendant's Proposed Exhibit 67, which contains range line readings and plots of cross sections that reflect data obtained after the expiration of the January 31, 2007, discovery deadline, or at the latest the expiration of the March 31, 2007, expert discovery deadline. This motion is appropriately granted because discovery in this case ceased as of these dates.

As indicated above, this Court entered an Order requiring that all discovery activities be complete by January 31, 2007. *See* Exhibit 1, attached to the Koenig Affidavit. In response to a

joint request of the parties, this Court entered an Order which extended the time for expert discovery through March 30, 2007. *See* Exhibit 2, attached to the Koenig Affidavit. Despite these deadlines, the Defendant has proposed Exhibit 67, which contains range line readings and plots that were updated with newly acquired data in September of 2007. Moreover, on September 18, 2007, the Defendant notified the Cheyenne River Sioux Tribe that it intended to continue data collections efforts and again supplement this exhibit with data that was to be collected in October of 2007. *See* correspondence dated September 18, 2007, attached to the Koenig Affidavit as Exhibit 6. It is presently unknown if the Defendant intends to further supplement this information.

The Proposed Exhibit 67 contains information that was collected well after the expiration of the discovery deadline. It is expected that this information will be utilized by the Defendant to provide a basis for its experts to supplement their opinions. The discovery and expert deadlines have long passed. *See* Exhibits 1 and 2, attached to the Koenig Affidavit. As a result, the Cheyenne River Sioux Tribe requests the Court enter an Order precluding the Defendant from using range line readings and cross sectional data that was obtained after the expiration of the applicable discovery deadlines pursuant to Fed.R.Civ.P Rules 16 and 37.

**III. Defendant's Exhibit 124.**

The parties are in the process of taking steps to resolve their respective positions regarding Defendant's Proposed Exhibit 124, which is delineated as the following website: www.nwd-mr.usace.army.mil/rcc. The Cheyenne River Sioux Tribe herein reserves the right to file an objection to this exhibit if the parties are unable to reach an agreement.

**CONCLUSION**

Based upon the aforementioned arguments and authorities, Plaintiffs Cheyenne River Sioux Tribe, et al., respectfully request the Court enter an Order precluding the Defendant from utilizing Defendant's Proposed Exhibits 35 and 67, for trial purposes. The Plaintiffs also reserve the right to raise an objection to the existing proposed defense exhibit 124, in the event the parties' efforts to resolve their respective positions regarding this exhibit are unsuccessful..

Dated this 23rd day of January, 2008.

GUNDERSON, PALMER, GOODSELL
& NELSON, LLP

By: *s/J. Crisman Palmer* ____________________

J. Crisman Palmer
440 Mt. Rushmore Road
P.O. Box 8045
Rapid City, SD 57709
(605) 342-1078
(605) 342-9503 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23trd day of January, 2008, I served, electronically, a true and correct copy of **Plaintiffs' Objections to the Defendant's Proposed Exhibits** on:

Ms. Susan V. Cook
Senior Attorney
Mr. James D. Gette
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington D.C. 20044-0663

*/s J. Crisman Palmer*______________
J. Crisman Palmer