**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

*(Electronically Filed January 23, 2008)*

| | |
|---|---|
| **CHEYENNE RIVER SIOUX TRIBE, et al.,** | |
| **Plaintiffs,** | **No. 03-600 L** |
| **v.** | **Chief Judge Edward J. Damich** |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**DEFENDANT'S MOTION IN LIMINE,
AND SUPPORTING MEMORANDUM,
TO EXCLUDE TESTIMONY OF
PLAINTIFFS' EXPERT TODD MORTENSON
AND PLAINTIFFS' PROPOSED EXHIBITS 68 AND 69**

Pursuant to the Rules of the United States Court of Federal Claims, and the Court's September 11, 2007 Revised Trial Preparation Order, the United States respectfully seeks an order, in limine, to exclude the testimony of Plaintiffs' expert, Todd Mortenson, and Plaintiffs' proposed exhibits 68 and 69. As set forth in detail below Mr. Mortenson's opinions do rest upon a reliable foundation and will not assist the Court.

## INTRODUCTION

Plaintiffs offer Todd Mortenson as an expert witness to testify "about the effects that river flooding has on the ability to use river bottoms for cow-calf ranch operations." Pltfs'

Designation of Expert Witnesses dated April 3, 2007. Plaintiffs also offer Mr. Mortenson's report as Plaintiffs' proposed Exhibit 68 and his resume as proposed Exhibit 69 (attached hereto as Exhibits A and B, respectively). Defendant hereby moves in limine to exclude both the testimony of Mr. Mortenson as well as his supporting resume and report.

While there is no question Mr. Mortenson has expertise as a rancher, his ranch does not use river bottoms for shelter for cow/calf operations because the ranch is located adjacent to the pool of the Oahe Reservoir, not along the Cheyenne River. See Exhibit C, Mortenson Depo. at 16-17, 21 (hereinafter, "Mortenson Depo."). Further, Mr. Mortenson admits he has no experience with ranching on the Moreau River. Mortenson Depo. at 8, 14. Instead, he readily admits that his proposed testimony concerning problems on the Moreau River is derived from his review of the depositions given by the rancher witnesses in this case. Mortenson Depo. at 9, 14, 19, 26.

In sum, the proffer of Mr. Mortenson's testimony is seriously flawed. First, Mr. Mortenson readily admits he has no personal knowledge of the Moreau River nor has he studied the Moreau River as a scholastic matter. Thus, his proposed testimony lacks even the most basic indicia of reliability. Second, the presentation of Mr. Mortenson as an expert witness is a transparent attempt to present duplicative hearsay testimony – testimony in which Mr. Mortenson essentially repeats the deposition statements of others. On either basis, the testimony of Mr. Mortenson and his accompanying resume and report should be excluded.

## ARGUMENT

This Court has acknowledged that "[a] motion *in limine* is a recognized method under [RCFC] 16 and Fed. R. Civ. P. 16 for obtaining a pretrial order simplifying issues for trial."

White Mountain Apache Tribe v. United States, 10 Cl. Ct. 115, 116 (1986), and "is a useful tool to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983); see Palmerin v. City of Riverside, 794 F.2d 1409, 1413 (9th Cir. 1986) (motion *in limine* is useful to “resolve issues which would otherwise 'clutter up' the trial"). Indeed, as this Court has previously acknowledged, the Court has a duty to exercise its power to exclude testimony or evidence in appropriate cases:

> There is no question under [RCFC] 16, that this court, as a trial court, has the power to issue pretrial orders simplifying issues for trial. Not only does this court have such power, it has a duty to exercise it in appropriate cases. This power allows the court, *inter alia*, to define the issues, facts, and theories actually in contention and to weed out extraneous issues. Too, this court also has the authority to issue pretrial rulings concerning the admissibility at trial of proposed testimony and documentary evidence.

Baskett, 2 Cl. Ct. at 359 (emphasis added).

The admissibility of expert witness testimony is governed by Federal Rule of Evidence 702, which was amended in 2000 in response to the Supreme Court’s decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and its progeny. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

“The landmark case of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), provides the analytical framework for determining the admissibility of expert testimony

under Rule 702." Micro Chemical, Inc. v. Lextron, Inc., 317 F.3d 1387, 1391 (Fed. Cir. 2003). Daubert held that Rule 702 demands that a trial judge act as a "gatekeeper" and ensure that the proffered testimony "both rests on a reliable foundation and is relevant to the task at hand." Daubert, 509 U.S. at 589, 597. Accordingly, expert testimony is unreliable and inadmissible if there is an analytical gap between the data and the conclusions. In General Electric Co. v. Joiner, 522 U.S. 136 (1997), the Supreme Court emphasized that:

> Trained experts commonly extrapolate from existing data. But nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.

Joiner, 522 U.S. at 146. The Daubert rule subsequently was extended to non-scientific expert testimony which is based on "technical" and "other specialized" knowledge. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999); Micro Chemical, Inc., 317 F.3d at 1391-92. Pursuant to Rule 104(a), the proponent of the expert testimony bears the burden of establishing by a preponderance of the evidence that Rule 702's admissibility requirements are met. Advisory committee notes, 2000 Amendments, Fed. R. Evid. 702 (citing Bourjaily v. United States, 483 U.S. 171 (1987)); Meister v. Med. Eng'g Corp., 267 F.3d 1123, 1127 n.9 (D.C. Cir. 2001).

Here, Plaintiffs propose to offer the testimony of Todd Mortenson as an expert witness to testify "about the effects that river flooding has on the ability to use river bottoms for cow-calf ranch operations." Pltfs' Designation of Expert Witnesses dated April 3, 2007. However, Plaintiffs have not and cannot establish that Mr. Mortenson can provide expert testimony which is admissible under Rule 702.

First, Plaintiffs cannot establish that Mr. Mortenson's testimony "rests on a reliable foundation." Daubert, 509 U.S. at 589, 597. Instead, the "opinions" expressed in his report are largely a repeat of the statements made by the ranchers at their depositions. Mortenson Depo. at 9, 14, 19, 26. This is not surprising, given that Mr. Mortenson's assignment in this case was to do no more than to read the various depositions and then give his opinion of the case. Id. at 10, 12. No independent research was conducted; no data analysis performed. Indeed, Mr. Mortenson readily admitted his reliance on the depositions of the individual plaintiffs:

> One, my experience on living along a river, and two, the depositions given by the ranchers that lived – that do live along the Moreau [River].

Mortenson Depo. at 14; see also at 9, 19, 26. However, given that Mr. Mortenson does not now live and has never lived along the Moreau River, his undue reliance on the depositions of the individual plaintiffs – and their hearsay character – is readily apparent. Mr. Mortenson was born in 1961 and has no memory of either the Cheyenne or Moreau Rivers prior to the creation of the Oahe Reservoir. Id. at 9, 16, 18. His ranch is not even directly adjacent to the reservoir; instead it borders the Oahe Reservoir property acquisition boundary ("takeline"). Id. at 16-17. Given his lack of personal knowledge, that leaves the primary basis of Mr. Mortenson's testimony as being the depositions of the individual plaintiffs, clearly inadmissible hearsay under Rule 802 of the Federal Rules of Evidence.

Second, Plaintiffs cannot show that Mr. Mortenson's testimony would be "relevant to the task at hand." Daubert, 509 U.S. at 589, 597. While there is no question

Mr. Mortenson has expertise as a rancher, his ranch does not use river bottoms – much less Moreau River bottoms – as part of its cow/calf operation. More importantly, Mr. Mortenson admits he has no experience with ranching on the Moreau River, id. at 8, 14, and that he has no knowledge of the Moreau River prior to the closure of the Oahe Dam and the creation of the reservoir. Id. at 9, 18.

Nor is there anything particularly profound about the alleged "expert" opinions of Mr. Mortenson. The opinion of an expert is not "helpful" to the Court, and therefore not admissible, if it answers a question that the fact-finder could answer without the purported expert opinion. See Sherbert v. Alcan Aluminum Corp., 66 F.3d 965, 967-68 (8th Cir. 1995). "[A]n expert . . . must testify to something more than what is 'obvious to the layperson' in order to be of any particular assistance to the jury" or the Court. Ancho v. Pentek Corp., 157 F.3d 512, 519 (7th Cir. 1998); see Dhillon v. Crown Controls Corp, 269 F.3d 865, 871 (7th Cir. 2001) (expert opinion must be more than "common sense"). Expert testimony should be excluded when it simply concerns matters of general knowledge and understanding. United States v. Mitchell, 49 F.3d 769, 780 (D.C. Cir. 1995). Here, Mr. Mortenson provides nothing more than a summary of the experiences of the property owners along the Moreau River. As such, the Court could just as easily consider and weigh the relevance of the property owners' testimony without the assistance of Mr. Mortenson.

## CONCLUSION

For the foregoing reasons, Defendant submits the testimony of Mr. Mortenson and his accompanying resume and report (Plaintiffs' proposed exhibits 68 and 69) should be excluded from evidence at trial in this case.

Dated: January 23, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General

s/ Susan V. Cook
SUSAN V. COOK, Senior Attorney
JAMES D. GETTE, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0470
(202) 305-0506 fax
Email: susan.cook@usdoj.gov

Attorney of Record for Defendant

432551.1