**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 03-600-L

| | | |
|---|---|---|
| CHEYENNE RIVER SIOUX TRIBE, et al.<br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chief Judge Edward J. Damich |

**PLAINTIFFS' RESISTANCE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE IN PART, TESTIMONY OF PLAINTIFFS' EXPERT VERNON SCHAEFFER**

# TABLE OF CONTENTS

**Page No.**

TABLE OF CONTENTS ..................................................... i

TABLE OF AUTHORITIES ..................................................... ii

STATEMENT OF THE QUESTIONS ..................................................... 1

STATEMENT OF THE CASE ..................................................... 1

ARGUMENT ..................................................... 4

**I. The 2003 Sedimentation Analysis Report And The 2003 Hydraulics Section Aggradation Study, Both Authored By The U.S. Army Corps Of Engineers, Are Properly Admitted Into Evidence In This Case As Admissions By A Party Opponent Under Fed. R. Evid. 801(d). ..................................................... 4**

**II. Dr. Schaeffer's Opinions That Relate To Or Rely On The 2003 U.S. Army Corps Of Engineer Reports Are Relevant, Reliable Opinions Based In Part On Admissions By A Party Opponent And As A Result Are Not Properly Subject To Exclusion Under Fed. R. Evid. 702. ..................................................... 6**

CONCLUSION ..................................................... 13

CERTIFICATE OF SERVICE ..................................................... 14

## TABLE OF CITED AUTHORITIES

**Cases:** **Page No.**


Banks v. U.S., 78 Fed.Cl. 603 (2007) ........................................................4, 5, 6, 7, 10, 11

Bourjialy v. United States, 483 U.S. 171 (1987) .........................................................12

Breidor v. Sears, Roebuck and Co., 722 F.2d 1134 (3d Cir. 1983) .................................10

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1983) ....................4, 7, 9, 12

Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) ..............................................7, 9

Peitzmeier v. Hennessy Indus., Inc., 207 F.3d 1039 (8th Cir. 2000) ..................................7

The Globe Savings Bank, F.S.B. v. U.S., 61 Fed.Cl. 91 (2004) ...............................10, 12

U.S. v. Downing, 753 F.2d 1224 (3rd Cir. 1985) ...........................................................7

U.S. v. Rushing, 388 F.3d 1153 (8th Cir. 2004) ..............................................................7

Walker v. Gordon, 45 Fed.Appx. 691, 2002 WL 31059157 (C.A.3(Pa.)) ....................10, 11


**Federal Rules:** **Page No.**


Fed. R. Evid. 702 ..............................................................................................6, 8, 9

Fed. R. Evid. 801(c) ..............................................................................................5

Fed. R. Evid. 801(d) ...............................................................................4, 5, 6, 10

Fed. R. Evid 802 ................................................................................................ 6


**Other**


3 Weinstein & Berger, ¶ 702[02], p. 702-18 .............................................................7

## STATEMENT OF THE QUESTIONS

I. Whether the 2003 Sedimentation Analysis Report and the 2003 Hydraulics Section Aggradation Study, both drafted by the U.S. Army Corps of Engineers in direct response to the culmination of this litigation, are properly excluded from evidence in this case because the authors have now asserted that the data limitations that they were aware of when they drafted the reports render the conclusions contained therein faulty.

II. Whether Dr. Vernon R. Schaeffer, expert for the Cheyenne River Sioux Tribe, is properly precluded from providing testimony that relates to or relies upon the 2003 Sedimentation Analysis Report and the 2003 Hydraulics Section Aggradation Study because his testimony related thereto is rendered unreliable by the fact that the U.S. Army Corps of Engineers now claims that its' 2003 reports are faulty.

## STATEMENT OF THE CASE

Plaintiffs Cheyenne River Sioux Tribe, et al., (hereinafter "Cheyenne River Sioux Tribe"), filed a Complaint against the Defendant the United States of America on March 17, 2003. As a direct result of the culmination of this litigation, the Defendant undertook efforts, "To investigate sedimentation trends in the vicinity of the Oahe Project boundary on the Moreau River in South Dakota." *See* Moreau River – Oahe Project – South Dakota, Sedimentation Analysis (hereinafter "Sedimentation Analysis Report"), dated August 2003, attached to the February 6, 2008, Affidavit of Amy Koenig ("Koenig Affidavit") as Exhibit 1. Specifically, Corps personnel surveyed six sediment rangelines located on the Moreau River. Id. at p. 1. A report was finalized in August of 2003 that set forth the Corps of Engineers findings and

conclusions that resulted from the aforementioned site visit, survey efforts, and an evaluation of the same in conjunction with previous survey information collected for the same rangelines. Id.

The resultant conclusions include the following:

- Sediment deposition, that can be related to the operation of the main stem system of dams, is definitely impacting the channel and the lower floodplain up to sediment rangeline M-44.1.
- Sediment rangeline M-47.8 shows some channel narrowing and some floodplain deposition that can probably be explained by the operations of the main stem system and some of the overbank deposition that was probably caused by the 1997 flood.
- Sediment rangelines M-52.7 and M-59.2 show only minor amounts of channel narrowing and floodplain deposition.

Id. at p. 2. Ultimately, the Corps of engineers concluded in 2003 that, "…some of the subject area has definitely been impacted by the operation of the main stem system…." Id. at p. 5.

In addition to the sedimentation study, the Corps of Engineers also performed a hydraulic analysis and aggradation study in the subject area. "This analysis was conducted as part of a problem identification phase for the pending lawsuit from landowners upstream of Oahe Dam and Reservoir along the Moreau River from near Whitehorse to Promise, South Dakota on the Cheyenne River Indian Reservation." *See* Hydraulics Section, Aggradation Study – Moreau River, South Dakota, (hereinafter "Hydraulics Section Aggradation Study"), October 16, 2003, attached to the Koenig Affidavit as Exhibit 2. This report summarizes limitations on the available data that was utilized for modeling purposes. Id. Taking into account these limitations, the Corps of Engineers concluded in October of 2003, "Analysis of both models indicated that there is a high likelihood that flood levels are impacted under high pool conditions in Lake Oahe up to river station 78150 (M-52.7). Landowners below this section would appear to be increasingly affected by floods, particularly at high reservoir pool levels. The decreased bed

slope and reduced flow capacity of the lower sections of the Moreau River appear to be at least partially responsible for increasing flood stages in that area." Id. at p. 3.

Vernon R. Schaeffer, Ph.D., P.E., has been retained by the Cheyenne River Sioux Tribe to offer expert opinions regarding the salient hydraulic, sedimentation, and aggradation issues in this litigation. *See* Curriculum Vitae of Vernon R. Schaeffer and January 2007 Report, attached to the Koenig Affidavit as Exhibits 3 and 4. In the process of formulating his opinions, Dr. Schaeffer reviewed USGS data from the Promise and Whitehorse station gages, Flood Insurance Studies, USACE Oahe Reservoir Data, Corps of Engineers rangeline survey data obtained prior to 2003, and various Corps of Engineers reports, including the two aforementioned 2003 reports that were prepared for litigation purposes. *See Generally* Exhibit 4, attached to the Koenig Affidavit. Dr. Schaeffer also performed two field visits, collected soil and sediment samples, and reviewed various statements from the plaintiff landowners. Id. Relevant to the subject motion, Dr. Schaeffer indicated, "The Corps of Engineers reports on Sedimentation Analysis and Hydraulic Section-Aggradation Study provide support to my contention that the reservoir and its operation did lead to the deposition of sediment and the alteration of the flow regime of the Moreau River." Id. at p. 33.

The Defendant has now filed a motion to exclude in part testimony from Dr. Schaeffer to the extent that it relates to or is based upon the two aforementioned 2003 Corps of Engineers reports. While not specified in the caption of Defendant's Motion, the body thereof also seeks a motion in limine to exclude Plaintiffs' Proposed Exhibits Nos. 5 and 57, which are the two subject reports. Essentially, the Defendant is now arguing that the reports are faulty and should not be considered. Defendant's Motion is properly denied for two reasons. First, Plaintiffs' Proposed Exhibits Nos. 5 and 57, are Corps of Engineers reports that were authored by the Corps

after culmination and as a direct result of this litigation. *See* Exhibits 1 and 2, attached to the Koenig Affidavit. As such, they constitute admissions by a party opponent which are appropriately considered as evidence in this case pursuant to Fed. R. Evid. 801(d)(2). Second, the testimony of Dr. Vernon Schaeffer that relates to these two reports meets the rigors demanded under Federal Rule of Evidence 702 and the progeny of Daubert v. Merrell Dow Pharmaceuticals, Inc. 509 U.S. 579 (1983). As a result, Dr. Schaeffer's testimony regarding these reports satisfies the threshold necessary for admissible expert testimony.

## ARGUMENT

### I. The 2003 Sedimentation Analysis Report And The 2003 Hydraulics Section Aggradation Study, Both Authored By The U.S. Army Corps Of Engineers, Are Properly Admitted Into Evidence In This Case As Admissions By A Party Opponent Under Fed. R. Evid. 801(d).

The United States Court of Federal Claims has previously held that reports created by the U.S. Army Corps of Engineers constitute admissible admissions by a party opponent in litigation against the United States. Banks v. U.S., 78 Fed.Cl. 603 (2007). In Banks, various property owners brought a takings claim based upon an allegation that jetties installed and maintained by the U.S. Army Corps of Engineers caused erosion of their respective property. Id. at 605. The Corps of Engineers had issued a series of reports over the course of several decades that contained information directly related to the pertinent issue in that litigation. Id. at 612. In addition, "The Corps issued three technical reports in 1996, 1997, and 1999 (Reports) which 'addressed the Corps' mitigation efforts and collectively concluded that the erosion was permanent and irreversible.'" Id. at 606.

In the Banks litigation, the Corps of Engineers reports provided the basis for the majority of the plaintiffs' contentions. Id. at 613. In 2006, the United States proffered an expert report which concluded that, "…the key features of the previous Corps Reports, particularly the 1973

report, are in error." The court concluded that the Corps of Engineers reports were properly received in evidence as admissions by a party opponent. Id. at 617.

In support, the court held, "The Federal Rules of Evidence (FRE) make admissible for the truth of the matter asserted admissions made by party opponents." Id. at 616 (*citing* Fed. R. Evid. 801(d)(2)). It noted, "Admissions by a party-opponent are an exception to the general prohibition on hearsay, defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" Id. (*citing* Fed. R. Evid. 801(c)). In order to be deemed admissible, the statement must fall into one of the following categories:

1. the statement is the party's own statement in either an individual or representative capacity;
2. the statement is one of which the party has manifested an adoption or belief in its truth;
3. the statement was made by a person authorized by the party to make a statement concerning the subject; or
4. the statement is one by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

Id. at 616-17 (*citing* Fed. R. Evid. 801(d)(2)). The court concluded that the Corps of Engineers' reports met the rigors of Fed. R. Evid. 801. Id. at 617.

First, the court found that the reports were offered by the plaintiffs to prove the truth of the statements contained in the reports. Id. Next, the court noted that the reports were offered against the plaintiffs' party opponent, the United States. Id. Lastly, the court held that the reports contained the defendant's own statements because they were issued by the United States. Id. As a result, the Court concluded that the U.S. Army Corps of Engineers reports were properly admitted into evidence as admissions by a party opponent under Fed. R. Evid. 801(d)(2). Id.

Contrary to the Defendant's position, the 2003 Sedimentation Analysis Report and the Hydraulic Section Aggradation Study are not properly excluded hearsay under Fed. R. Evid. 802. Rather, both reports satisfy the requisite elements necessary to constitute Fed. R. Evid. 801(d)(2) party opponent admissions. *See* Exhibits 1 and 2, attached to the Koenig Affidavit. To illustrate, both reports will be offered by the Cheyenne River Sioux Tribe to prove the truth of the statements contained in the reports. Both of these reports will be offered against the Cheyenne River Sioux Tribe's party opponent, the United States. In addition, the statements contained in these reports qualify as the Defendant's own statements because they are reports issued by the Defendant, incidentally for litigation purposes. Id. Therefore, under Fed. R. Evid. 801(d)(2), the 2003 Sedimentation Analysis Report and the Hydraulic Section Aggradation Study are properly admitted into evidence in this case. Banks, 78 Fed.Cl. at 617. As a consequence, the Defendant's motion in limine to exclude the same is properly denied.

## II. Dr. Schaeffer's Opinions That Relate To Or Rely On The 2003 U.S. Army Corps Of Engineer Reports Are Relevant, Reliable Opinions Based in Part On Admissions By A Party Opponent And As A Result Are Not Properly Subject To Exclusion Under Fed. R. Evid. 702.

Expert testimony is governed by Rule 702 of the Federal Rules of Evidence which provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Fed. R. Evid. 702, the Court must first determine if the proffered expert is qualified to offer opinions on the subject matter in question. Banks, 75 Fed.Cl. at 297 (*citing* Fed. R. Evid. 702). The United States Court of Federal Claims has noted that that admissibility of expert

testimony is further governed by the principles originally set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc.. Id. (*citing* Daubert, 509 U.S. 579 (1993)). Therein, the United States Supreme Court set forth a two part test which governs an analysis of the admissibility of expert testimony. Id. (*citing* Daubert, 509 U.S. at 592-93).

"The first prong assesses the reliability of the underlying principles and methodologies." Id. In Daubert, the Supreme Court tasked the trial court with the, "…responsibility of screening such testimony for reliability by assessing the expert's reasoning and methodology." Daubert, 509 U.S. at 591, 93; U.S. v. Rushing, 388 F.3d 1153, 1156 (8th Cir. 2004)(*citing* Peitzmeier v. Hennessy Indus., Inc., 207 F.3d 1039, 1056-57 (8th Cir. 2000)(*citing* Daubert, 509 U.S. at 591, 93)). Expert testimony is reliable if it pertains to scientific knowledge that, "…is supported by appropriate validation-i.e., 'good grounds,' based on what is known." Id. Under this prong, "The trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Banks, 75 Fed.Cl. at 297 (*citing* Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 (1999)).

The second prong requires a determination of whether the testimony is relevant to the facts at issue. Id. (*citing* Daubert, 509 U.S. at 591). Expert testimony is relevant if it will, "…assist the trier of fact to understand the evidence or to determine a fact in issue." Daubert, 509 U.S. at 591. The testimony must be, "…sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." Id. (*citing* 3 Weinstein & Berger, ¶ 702[02], p. 702-18; U.S. v. Downing, 753 F.2d 1224, 1242 (3rd Dir. 1985)). In conjunction therewith, the United States Court of Federal Claims has noted, "…'relevance' requires that a 'fit' exists between the proffered testimony and the issue to be resolved by trial." Banks, 75 Fed.Cl. at 297 (*citing* Daubert, 509 U.S. at 591). As delineated below, Dr. Schaeffer is qualified to offer expert

opinions and his opinions meet both the relevance and reliability standards. Therefore, Defendant's motion to exclude the opinions of Dr. Schaeffer that rely in part on admissions from the Defendant is properly denied.

**a. Dr. Schaeffer possesses the proper knowledge, skill, experience, training, and education to qualify as an expert in this litigation.**

Under Fed. R. Evid. 702, "…a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise…." Dr. Schaeffer's knowledge, skill, experience, training and education qualify him to offer expert opinions regarding hydrology, sedimentation and aggradation. To illustrate, with respect to training and education, Dr. Schaeffer holds three academic degrees including a doctorate from the Virginia Polytechnic Institute and State University. *See* Exhibit 3, attached to the Koenig Affidavit. In addition, Dr. Schaeffer became a Professional Engineer in the State of South Dakota in 1989. Id.

With respect to experience, Dr. Schaeffer has spent over ten years as a faculty appointed hydrologist for the U.S. Geological Survey, South Dakota. Id. He also worked as a geotechnical engineer for Hoskins-Western-Sonderegger, Inc. in the 1980's. Id. In addition, Dr. Schaeffer has been actively employed in the academic field since 1980. Id. He has taught courses on topics including soil engineering, foundations of soil mechanics, applied foundation engineering, geotechnical engineering, and advanced geotechnical engineering. Id. The various roles he has held include the Acting Director of the Northern Great Plains Water Resources Research Center at South Dakota State University. Id. Dr. Schaeffer is currently a professor in the Department of Civil and Construction Engineering at Iowa State University as well as the James M. Hoover Chair of Geotechnical Engineering. Id.

Dr. Schaeffer has also been published on numerous occasions, including at least one report he prepared for the U.S. Army Corps of Engineers in 1986. Id. Dr. Schaeffer's knowledge, skill, experience, training, and education qualify him to offer expert testimony in the case before this Court. Notably, the Defendant has not directly challenged Dr. Schaeffer's qualifications. Rather, the Defendant appears to challenge Dr. Schaeffer's opinions which rely in part upon admissions made by the Defendant in the course of this litigation. As indicated below, a challenge to expert testimony that is based upon the facts that an expert has relied upon is insufficient to preclude the expert's opinions under Fed. R. Evid. 702.

**b. Dr. Schaeffer's opinions that relate to the 2003 Sedimentation Analysis Report and the 2003 Hydraulics Section Aggradation Study are reliable and as such properly considered at trial.**

"Judges have 'considerable leeway' in deciding in each case 'how to go about determining whether particular expert testimony is reliable.'" Kumho Tire, 526 U.S. at 152. While the applicable standard for reliability is not high, the goal is to ensure that an expert's testimony is based upon sound methods and procedures which are valid. Id. In Daubert, the Supreme Court identified general guidelines for a court to consider in assessing reliability. Daubert, 509 U.S. at 593-94. These factors include "testing, peer review, error rate, and general acceptance." Id. However, the aforementioned factors cannot be applied in every setting. Id. The factors are meant to be helpful, but they are not definitive. Kumho, 526 U.S. at 151. In certain situations, "reliability must focus on 'knowledge and experience.'" Kumho, 526 U.S. at 150.

In this case, the Defendant seeks to preclude only Dr. Schaeffer's opinions that relate to or rely upon the 2003 Sedimentation Analysis Report and the Hydraulic Section Aggradation Study. The Defendant is not challenging Dr. Schaeffer's methods but rather, is now arguing that

Dr. Schaeffer should not have considered the Corps of Engineer's reports because the conclusions set forth in those reports are faulty. Interestingly, a cursory review of the Defendant's argument suggests that the Defendant is not suggesting that the data contained in the reports is inaccurate. Rather, the Defendant appears to argue that the data was limited and as a result does not support the conclusions set forth in the reports. However, the authors of those reports without question were aware of all the claimed limitations in the data when they authored the reports and reached the conclusions set forth therein. *See* Exhibit 1 and 2, attached to Koenig Affidavit. The reports were created for litigation purposes, with full knowledge of the claimed data limitations. Id. Moreover, as set forth above, the information contained in these reports constitutes admissions by a party opponent under Fed. R. Evid. 801(d)(2).

The Court of Claims has held, "…admissions of a party are received as substantive evidence of the facts admitted and not merely to contradict the party." The Globe Savings Bank, F.S.B. v. U.S., 61 Fed.Cl. 91, 95 (2004). The Court has also held that arguing the facts upon which an opinion is based is properly reserved to challenge credibility in trial, and not admissibility. Banks, 75 Fed.Cl. at 301. Specifically, "In performing its gatekeeping function, and, in particular, in deciding whether an expert's report meets the reliability factor of a Daubert and Rule 702 analysis, the District Court is not to weigh the evidence relied upon or determine whether it agrees with the conclusions reached therein." Walker v. Gordon, 45 Fed.Appx. 691, 695, 2002 WL 31059157 (C.A.3(Pa.)). Rather, "Determinations regarding the weight to be accorded, and the sufficiency of, the evidence relied upon by the proffered expert, are within the sole province of the jury." Id. (citing Breidor v. Sears, Roebuck and Co., 722 F.2d 1134, 1138-39 (3d Cir. 1983).

To illustrate, in Walker, the plaintiff objected to an expert's testimony solely based upon, "…disagreement with the disputed evidence relied upon by the expert, and on the assertion that conclusions derived from such evidence are necessarily unreliable." Id. The court noted, "An expert is, nonetheless, permitted to base his opinion on a particular version of disputed facts and the weight to be accorded to that opinion is for the jury." Id. at 695-96. The court also made particular note of the other evidence that supported the expert's opinions. Id. The court held that the disputed facts, as well as the other relied upon information supported the expert's opinions and as such those opinions were not subject to exclusion from trial under the reliability prong of the Daubert analysis. Id. In the case before this Court, the Defendant's attempts to discredit the admissions it made in these reports are likewise properly reserved for trial rather than to challenge the reliability of Dr. Schaeffer's opinions. Id.; Banks, 75 Fed.Cl. at 301.

Furthermore, Dr. Schaeffer's opinions are based upon his knowledge, education, training and experience. *See* Exhibit 3, attached to the Koenig Affidavit. His opinions are also based upon his review and analysis of USGS data from the Promise and Whitehorse station gages, Flood Insurance Studies, USACE Oahe Reservoir Data, Corps of Engineers rangeline survey data obtained prior to 2003, and various Corps of Engineers reports, including the two aforementioned 2003 reports that were prepared for litigation purposes. *See Generally* Exhibit 4, attached to the Koenig Affidavit. In addition, his opinions are based upon two field visits, soil and sediment samples, and various statements from the plaintiff landowners. Id. While his opinions are based in part upon the data contained in the 2003 Sedimentation Analysis Report and the 2003 Hydraulic Section Aggradation Study, Dr. Schaeffer has at no time suggested that the opinions he reached in this litigation were based solely upon the conclusions the Corps of Engineers reached. Dr. Schaeffer merely stated that the reports, "…provide support to my

contention that the reservoir and its operation did lead to the deposition of sediment and the alteration of the flow regime of the Moreau River." Id. at p. 33.

The Defendant has failed to provide this Court any authority which even arguably suggests that an expert should be precluded from considering admissions by a party as facts that relate to or support his opinions. Nor has the Defendant cited to any authority which supports the position that a party can appropriately apply the Daubert reliability factors to its own evidence to have any reference to that evidence excluded. Daubert, 509 U.S. at 593-94. The admissions contained in the 2003 Sedimentation Analysis Report and the 2003 Hydraulic Section Aggradation Study constitute substantive evidence in this case. The Globe Savings Bank, 61 Fed.Cl. at 95. Dr. Schaeffer's consideration of the same, in conjunction with all the other evidence which support his opinions, does not render his opinions unreliable.

A party who proffers expert testimony bears the burden of establishing that the proffered testimony is admissible. Bourjialy v. United States, 483 U.S. 171, 175-76 (1987); Daubert, 509 U.S. at 592, n. 10. The Cheyenne River Sioux Tribe has met this burden as it relates to Dr. Schaeffer's testimony that reference the information contained in the 2003 Corps of Engineers' reports. Therefore, Defendant's Motion in Limine to exclude in part Dr. Schaeffer's testimony that relates to or relies upon the 2003 Sedimentation Analysis Report and the 2003 Hydraulic Section Aggradation Study is properly denied.

**c. There is no dispute, Dr. Schaeffer's opinions that relate to or rely upon the 2003 Corps of Engineers reports are relevant to the issues before the Court.**

The Defendant has not challenged the relevancy of any of Dr. Schaeffer's opinions. It is undisputed that his opinions directly relate to the issues presented in this case. *See Generally* Exhibit 4, attached to the Koenig Affidavit. It is also undisputed that Dr. Schaeffer's opinions that relate to or rely upon the data contained in the 2003 Sedimentation Analysis Report and the

2003 Hydraulic Section Aggradation Study are relevant to the issues before the Court. Therefore, the issue of the relevancy of Dr. Schaeffer's opinions has not been challenged and as a result provides no basis to preclude Dr. Schaeffer's trial testimony.

**CONCLUSION**

Based upon the aforementioned arguments and authorities, Plaintiffs Cheyenne River Sioux Tribe, et al., respectfully request the Court enter an Order denying Defendant's Motion in Limine to Exclude in Part, Testimony of Plaintiff's Expert Vernon Schaeffer.

Dated this 6th day of February, 2008.

GUNDERSON, PALMER, GOODSELL
& NELSON, LLP

By: */s/J. Crisman Palmer*
J. Crisman Palmer
440 Mt. Rushmore Road
P.O. Box 8045
Rapid City, SD 57709
(605) 342-1078
(605) 342-9503 (fax)
jpalmer@gpgnlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February, 2008, I served, electronically, a true and correct copy of **Plaintiffs' Resistance to Defendant's Motion in Limine to Exclude in Part, Testimony of Plaintiffs' Expert Vernon Schaeffer** on:

Ms. Susan V. Cook
Senior Attorney
Mr. James D. Gette
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington D.C. 20044-0663

*/s/ J. Crisman Palmer*
J. Crisman Palmer