**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 03-600-L

| | | |
|---|---|---|
| CHEYENNE RIVER SIOUX TRIBE, et al.<br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chief Judge Edward J. Damich |

**PLAINTIFFS' RESISTANCE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT TODD MORTENSON AND PLAINTIFFS' PROPOSED EXHIBITS 68 AND 69.**

COMES NOW, Plaintiffs Cheyenne River Sioux Tribe, et al., (hereinafter "Cheyenne River Sioux Tribe") by and through their counsel of record, hereby file the following Resistance to Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Expert Todd Mortenson and Plaintiff's Proposed Exhibits 68 and 69.

**BACKGROUND**

The Cheyenne River Sioux Tribe engaged Todd Mortenson (hereinafter "Mortenson") to offer expert testimony regarding the ranching related issues that are presented in this litigation. Mortenson has over twenty years of experience managing thirty thousand acres of ranchland located on the Cheyenne River in Western South Dakota. *See* Curriculum Vitae of Todd Mortenson, attached to the February 6, 2008, Affidavit of Amy Koenig as Exhibit 5; Deposition of Todd Mortenson, p. 4, attached to the Koenig Affidavit as Exhibit 6. He has also been the recipient of numerous awards for environmental and conservation efforts that he has taken in Western South Dakota. *See* Exhibit 5, attached to the Koenig Affidavit.

In formulating his opinions in this case, Mortenson reviewed statements from various plaintiff landowners, parcel ownership documentation, grazing permits, discovery responses provided by the Defendant, expert reports, as well as depositions of the Plaintiffs and various designated experts. *See* Correspondence, attached to the Koenig Affidavit as Exhibit 7; Exhibit 6, p. 10, attached to the Koenig Affidavit. He also considered his extensive ranching experience in his consideration of the aforementioned information. *See* Exhibit 6, pp. 14, 16 and 20. Based upon this information, Mortenson created a report summarizing his opinions that relate to this litigation. *See* The Changing Moreau River: Sedimentation and Flooding Impacts on Area Ranches, attached to the Koenig Affidavit as Exhibit 8; Exhibit 6, p. 11, attached to the Koenig Affidavit. Those opinions include how a Western South Dakota ranch is impacted by loss of natural shelter and feeding sources. Id.; *See* Exhibit 6, p. 13, attached to the Koenig Affidavit. They also concern the financial impacts such losses create for the subject ranches. Id.

The Defendant has filed the subject Motion in Limine to Exclude the Testimony of Todd Mortenson and Plaintiffs' Proposed Exhibits 68 and 69, which reflect Mortenson's curriculum vitae and his expert report. *See* Exhibits 5 and 8, attached to the Koenig Affidavit. Defendant's Motion is properly denied. Denial is appropriate because Mortenson's experience and training qualify him to offer expert opinions in this case. Denial is also appropriate because Mortenson's opinions are reliable and relevant and therefore not subject to exclusion under Fed. R. Evid. 702 and the analysis set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1983).

## ARGUMENT

Expert testimony is governed by Rule 702 of the Federal Rules of Evidence which provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness

> qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Fed. R. Evid. 702, the Court must first determine if the proffered expert is qualified to offer opinions on the subject matter in question. Banks, 75 Fed.Cl. at 297 (*citing* Fed. R. Evid. 702). The United States Court of Federal Claims has noted that that admissibility of expert testimony is further governed by the principles originally set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., Id. (*citing* Daubert, 509 U.S. 579 (1993)). Therein, the United States Supreme Court set forth a two part test which governs an analysis of the admissibility of expert testimony. Id. (*citing* Daubert, 509 U.S. at 592-93).

"The first prong assesses the reliability of the underlying principles and methodologies." Id. In Daubert, the Supreme Court tasked the trial court with the, "…responsibility of screening such testimony for reliability by assessing the expert's reasoning and methodology." Daubert, 509 U.S. at 591, 93; U.S. v. Rushing, 388 F.3d 1153, 1156 (8th Cir. 2004)(*citing* Peitzmeier v. Hennessy Indus., Inc., 207 F.3d 1039, 1056-57 (8th Cir. 2000)(*citing* Daubert, 509 U.S. at 591, 93)). Expert testimony is reliable if it pertains to scientific knowledge that, "…is supported by appropriate validation-i.e., 'good grounds,' based on what is known." Id. Under this prong, "The trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Banks, 75 Fed.Cl. at 297 (*citing* Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 (1999)).

The second prong requires a determination of whether the testimony is relevant to the facts at issue. Id. (*citing* Daubert, 509 U.S. at 591). Expert testimony is relevant if it will, "…assist the trier of fact to understand the evidence or to determine a fact in issue." Daubert,

509 U.S. at 591. The testimony must be, "…sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." Id. (*citing* 3 Weinstein & Berger, ¶ 702[02], p. 702-18; U.S. v. Downing, 753 F.2d 1224, 1242 (3rd Dir. 1985)). In conjunction therewith, the United States Court of Federal Claims has noted, "…'relevance' requires that a 'fit' exists between the proffered testimony and the issue to be resolved by trial." Banks, 75 Fed.Cl. at 297 (*citing* Daubert, 509 U.S. at 591). As delineated below, Mortenson is qualified to offer expert opinions and his opinions meet both the relevance and reliability standards. Therefore, Defendant's motion to exclude the testimony of Mortenson, his curriculum vitae, and his expert report is properly denied.

**a. Todd Mortenson possesses the proper knowledge, skill, experience, training, and education to qualify as a ranching expert in this litigation.**

Under Fed. R. Evid. 702, "…a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise…." Todd Mortenson's knowledge, skill, experience, training and education qualify him to offer expert opinions regarding ranching related issues.

To illustrate, with respect to experience and training, Mortenson has been the President of Springview Ranches, Inc., since 1985. *See* Exhibit 5, attached to the Koenig Affidavit. In that capacity he has managed and directed all ranching activities for a thirty thousand acre ranch located in Western South Dakota. Id. The ranching activities that Mortenson oversees include all efforts necessary to run one thousand two hundred cows and one thousand yearling steers and heifers. Id. In addition, Mortenson is the managing partner for the Mortenson Family Land Partnership, which encompasses over ten thousand acres of ranch land located in Western South Dakota. Id.

The ranch property that Mortenson manages is located on the Cheyenne River near Hayes, South Dakota. *See* Exhibit 6, p. 4, attached to the Koenig Affidavit. While the ranch is located on the Lake Oahe portion of the Cheyenne River, it is only on Lake Oahe when the reservoir is at peak levels. Id. at p. 16. The proximity of his property to the Cheyenne River and Lake Oahe has resulted in flooding and sedimentation of the adjacent property. Id. As a result, Mortenson possesses the requisite knowledge and experience to offer opinions on the effects that river flooding has on the ability to use adjacent land for ranching operations.

**b. Todd Mortenson's opinions are reliable and as such properly considered at trial.**

"Judges have 'considerable leeway' in deciding in each case 'how to go about determining whether particular expert testimony is reliable.'" Kumho Tire, 526 U.S. at 152. While the applicable standard for reliability is not high, the goal is to ensure that an expert's testimony is based upon sound methods and procedures which are valid. Id. In Daubert, the Supreme Court identified general guidelines for a court to consider in assessing reliability. Daubert, 509 U.S. at 593-94. These factors include "testing, peer review, error rate, and general acceptance." Id. However, the aforementioned factors cannot be applied in every setting. Id. The factors are meant to be helpful, but they are not definitive. Kumho, 526 U.S. at 151. In certain situations, "reliability must focus on 'knowledge and experience.'" Kumho, 526 U.S. at 150.

In the case before this Court, Mortenson's opinions are based in part upon his extensive knowledge and experience he has acquired through managing a major ranching operation on the Cheyenne River for over twenty years. *See* Exhibits 5 and pp. 4, 14, 16, and 20 of Exhibit 6, attached to the Koenig Affidavit. Mortenson's opinions are also based upon his review of statements from various plaintiff landowners, parcel ownership documentation, grazing permits,

discovery responses provided by the Defendant, expert reports, as well as depositions of the Plaintiffs and various designated experts. *See* Exhibit 6, p. 10, and Exhibit 7, attached to the Koenig Affidavit. Thus, Mortenson's opinions rest on a reliable foundation.

The Defendant's argument that Mortenson's opinions are unreliable because they are based solely upon a review of the plaintiffs' depositions is without merit. Mortenson testified during his deposition that his opinions were based upon his experience as well as his review of parcel ownership documents, grazing permits, the Defendant's discovery responses, and both parties' expert reports. *See* Exhibit 6, p. 10, and Exhibit 7, attached to the Koenig Affidavit. In addition, the Defendant's suggestion that Mortenson's opinions are unreliable because his ranch is not on the Moreau River is likewise unpersuasive. It is unpersuasive because there is no authority before the Court which suggests that an expert may only offer an opinion regarding ranching topics if his properly is located on the subject river in question. Rather, the ranch property Mortenson manages is on the Cheyenne River, which provides him adequate knowledge and experience to offer opinions on the effects that river flooding has on adjacent ranch property. Therefore, Mortenson's opinions are reliable and as a result not subject to exclusion under Fed. R. Evid. 702.

**c. Todd Mortenson's opinions are relevant to the issues before the Court and as such properly considered at trial.**

Mortenson's opinions are relevant because they will, "…assist the trier of fact to understand the evidence or to determine a fact in issue." Daubert, 509 U.S. at 591. Further, his testimony is, "…sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." Id. (*citing* 3 Weinstein & Berger, ¶ 702[02], p. 702-18; Downing, 753 F.2d at 1242 ).

Specifically, the Cheyenne River Sioux Tribe is required to establish that the Defendant's flooding and sedimentation intrusion on their property was of such a substantial nature that it rises to a Fifth Amendment taking. Moden v. U.S., 60 Fed.Ct. 275, 289 (2004). "In evaluating the level of interference with property rights, a taking normally involves factual circumstances which demonstrate extreme or significant governmental intrusiveness, permanent infringement, or even if temporary, an exercise of dominion and control over a private party's property interests." Id. at 290 (*citing* R.J. Widen Co. v. U.S., 174 Ct.Cl. 1020 (1966)). Extreme and permanent intrusiveness seems characteristic of most taking claims. Id.

Mortenson's opinions directly relate to the intrusion upon the Cheyenne River Sioux Tribe's property rights that occurred as a result of the subject flooding and sedimentation. *See* Exhibit 8, attached to the Koenig Affidavit. More specifically, his opinions address the significant impacts that are suffered by Western South Dakota ranches when they lose natural shelters and feed source to flooding and sedimentation. Id. Furthermore, Defendant's argument that Mortenson's opinions are not relevant because they are nothing more than a summary of the plaintiffs' depositions is without merit. *See* Exhibit 6, p. 10, and Exhibit 7, attached to the Koenig Affidavit. As a result, Mortenson's opinions are relevant to the issues before this Court and therefore not subject to exclusion under Fed. R. Evid. 702.

**CONCLUSION**

Based upon the aforementioned arguments and authorities, Plaintiffs Cheyenne River Sioux Tribe, et al., respectfully request the Court enter an Order denying Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Expert Todd Mortenson and Plaintiff's Proposed Exhibits 68 and 69.

Dated this 6th day of February, 2008.

GUNDERSON, PALMER, GOODSELL
& NELSON, LLP

By: *s/J. Crisman Palmer*
J. Crisman Palmer
440 Mt. Rushmore Road
P.O. Box 8045
Rapid City, SD 57709
(605) 342-1078
(605) 342-9503 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2008, I served, electronically, a true and correct copy of **Plaintiffs' Resistance to Defendant's Motion in Limine to Exclude Testimony of Plaintiffs' Expert Todd Mortenson and Plaintiffs' Proposed Exhibits 68 and 69** on:

Ms. Susan V. Cook
Senior Attorney
Mr. James D. Gette
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington D.C. 20044-0663

*/s J. Crisman Palmer*
J. Crisman Palmer